UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | |
|---|---|
| In re: | : |
| | : |
| MARIA ANDREA HUERTA, | : Case No. 16-20336 (WIL) |
| | : Chapter 13 |
| Debtor | : |

AMENDED CHAPTER 13 PLAN

___ Original Plan     _X_ Amended Plan     ___ Modified Plan

The Debtor proposes the following Chapter 13 plan and makes the following declarations:

1. The future earnings of the Debtor are submitted to the supervision and control of the Trustee and the Debtor will pay as follows (select only one):

   a. $ ___ per month for a term of __ months.  OR

   b. $ _1,200.00_ per month for _50_ month(s), and
      $ _1,700.00__ per month for _10_ month(s), for a total term of _60_ months.

      [IN ADDITION, Debtor shall contribute a lump sum payment of $60,000.00 on the date of confirmation of the Plan, and a second lump sum payment of $10,000 on March 31st, 2017.]

   c. $ ____ per month prior to confirmation of this plan, and $ __ per month after confirmation of this plan, for a total term of ___ months (if this option is selected, complete 2.e.i).

*The Debtor shall provide the Trustee with copies of State & Federal tax returns for the years designated below within 15 days of filing the returns (and shall timely file the returns on or before April 15 of each year due). No later than June 1st of each year, the Debtor shall pay into the plan the amount of refunds exceeding _$0.00__ (the amount already pro-rated on Schedule I, if any) for each of the designated years. The tax refund payments will be in addition to, not a credit against, the monthly payments required to be paid under the plan. The Debtor(s) shall not make any change to the amount of annual tax withholdings under the W-4 statements(s) existing as of the date of the petition without 30 days prior notice to the Trustee.*

*This commitment covers tax years: 2016 through 2020.*

2. From the payments received, the Trustee will make the disbursements described below:

    a. Allowed unsecured claims for domestic support obligations and Trustee's commissions.

    b. Administrative claims under 11 U.S.C. § 507(a) (2), including attorney's fee balance of **$1,500.00** (unless allowed for a different amount upon prior or subsequent objection). Payments shall be made in accordance with Appendix F to the Local Rules.

    c. Claims payable under 11 U.S.C. § 1326(b) (3). Specify the monthly payment: $ _____.

    d. Other priority claims defined by 11 U.S.C. § 507(a) (3) – (10). The Debtor anticipates the following claims:

    e. Concurrent with payments on non-administrative priority claims, the Trustee will pay secured creditors as follows:

        i. Until the plan is confirmed, adequate protection payments and/or personal property lease payments on the following claims will be paid directly by the Debtor; and, after confirmation of the plan, the claims will be treated as specified in 2.e.iii, below (designate the amount of the monthly payment to be made by the Debtor prior to confirmation, and provide the redacted account number (last 4 digits only), if any, used by the claimant to identify the claim):

        ii. Pre-petition arrears on the following claims will be paid through equal monthly amounts under the plan while the Debtor maintains post-petition payments directly (designate the amount of anticipated arrears, and the amount of the monthly payment for arrears to be made under the plan):

| Claimant | Anticipated Arrears | Mo. Payment | No. of Mo. |
|---|---|---|---|
| **One West Bank** | **$122,281.14** | **$2,038.02** | **60** |

        iii. The following secured claims will be paid in full, as allowed, at the designated interest rates through equal monthly amounts under the plan:

        iv. The following secured claims will be satisfied through surrender of the collateral securing the claims (describe the collateral); any allowed claims for deficiencies will be paid pro rata with general unsecured creditors; upon confirmation of the plan, the automatic stay is lifted, if not modified earlier, as to the collateral of the listed creditors:

          Claimant                                                  Collateral
**None**

      v.        The following secured claims are not affected by this plan and will be paid outside of the plan directly by the Debtor:

                **American Honda Finance Corporation (2014 Honda Civic)**

      vi.       If any secured claim not described in the previous paragraphs is filed and not disallowed, that claim shall be paid or otherwise dealt with outside of the plan directly by the Debtor, and it will not be discharged upon completion of the plan.

      f.        After payment of priority and secured claims, the balance of funds will be paid pro rata on allowed general, unsecured claims. (If there is more than one class of unsecured claims, describe each class.)

*Any allowed unsecured claims for which the Debtor and the Debtor's spouse are jointly liable (if any) shall be paid in full through the Plan.*

3. The amount of each claim to be paid under the plan will be established by the creditor's proof of claim or superseding Court order. The Debtor anticipates filing the following motion(s) to value a claim or avoid a lien. (Indicate the asserted value of the secured claim for any motion to value collateral.):

Creditor                      Collateral                         Asserted Value

4. Payments made by the Chapter 13 trustee on account of arrearages on pre-petition secured claims may be applied only to the portion of the claim pertaining to pre-petition arrears, so that upon completion of all payments due under the Plan, the loan will be deemed current through the date of the filing of this case. For the purposes of the imposition of default interest and post-petition charges, the loan shall be deemed current as of the filing of this case.

5. Secured Creditors holding claims subject to cram down will retain their liens until the earlier of the payment of the underlying debt determined under non-bankruptcy law, or discharge under § 1328; and if the case is dismissed or converted without completion of the plan, the lien shall also be retained by such holders to the extent recognized under applicable non-bankruptcy law.

6. The following executory contracts and/or unexpired leases are assumed (or rejected, so indicate); any unexpired lease with respect to personal property that has not previously been assumed during the case, and is not assumed in the plan, is deemed rejected and the stay of §§ 362 and/or 1301 is automatically terminated:

Contract                          Intent

**None**

7. Title to the Debtor's property shall revest in the Debtor when the Debtor is granted a discharge pursuant to 11 U.S.C. §1328, or upon dismissal of the case, or upon closing of the case.

8. Non-standard Provisions:
**None**


Date:  ___10/18/16_____                    _/s/ __*Maria Andrea Huerta*_____
                                                                           Maria Andrea Huerta


__/s/ Augustus T. Curtis_____
Attorney for Debtor                                                          Joint Debtor
Augustus T. Curtis, Esq.
Cohen, Baldinger & Greenfeld, LLC
2600 Tower Oaks Boulevard, Suite 103
Rockville, MD 20852
(301) 881-8300

**CERTIFICATE OF SERVICE**

      I hereby certify that I have served the enclosed Chapter 13 Plan on the parties entitled to service thereof via the CM/ECF system, or, where such service was not possible, by causing a true and correct copy of same to be placed in the United States Mail, postage prepaid addressed to the United States Trustee, the Chapter 13 Trustee, and the parties on the Court's mailing matrix.

October 18, 2016

                                          */s/ Augustus T. Curtis*      .
                                          Augustus T. Curtis

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0416-0<br>Case 16-20336<br>District of Maryland<br>Greenbelt<br>Tue Aug 23 21:17:21 EDT 2016 | American Honda Financial<br>13856 Ballantyne Corp<br>Charlotte, NC 28277-2711 | CIT Bank, NA<br>fka OneWest Bank<br>6900 Beatrice Drive<br>Kalamazoo, MI 49009-9559 |
| Comptroller of the Treasury<br>Compliance Division, Room 409<br>301 W. Preston Street<br>Baltimore, MD 21201-2305 | State of Maryland DLLR<br>Division of Unemployment Insurance<br>1100 N. Eutaw Street, Room 401<br>Baltimore, MD 21201-2225 | Synchrony Bank/GAP Card<br>PO Box 960061<br>Orlando, FL 32896-0061 |
| Taxing Authority of Montgomery County<br>Division of Treasury<br>255 Rockville Pike, Ste. L-15<br>Rockville, MD 20850-4188 | Augustus T Curtis<br>Cohen, Baldinger & Greenfeld, LLC<br>2600 Tower Oaks Blvd.<br>Suite 103<br>Rockville, MD 20852-4281 | Maria Andrea Huerta<br>15804 Lautrec Court<br>North Potomac, MD 20878-3460 |
| Timothy P. Branigan<br>14502 Greenview Drive<br>Suite 506<br>Laurel, MD 20708-4222 | End of Label Matrix<br>Mailable recipients    9<br>Bypassed recipients    0<br>Total                  9 | |